# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1797

_____

Ben Pierce,                                          *
                                                    *
         Appellant,                                 *
                                                    *
    v.                                              *    Appeal from the United States
                                                    *    District Court for the
Little Rock Drug Task Force; Little                 *    Eastern District of Arkansas.
Rock Police Department; Greg Siegler,               *       [UNPUBLISHED]
Detective, Little Rock Police                       *
Department; Hayward Finks, Detective,               *
Little Rock Police Department; Barry                *
Flannery, Detective, Little Rock Police             *
Department; Steve Pledger, Detective,               *
Little Rock Police Department; Tina                 *
Moore, Detective, Little Rock Police                *
Department; John Merritt, Detective,                *
Little Rock Police Department; Michael              *
Terry, Detective, Little Rock Police                *
Department; Dana Jackson, Detective,                *
Little Rock Police Department,                       *
                                                    *
         Appellees.                                 *

_____

Submitted:  December 22, 2003

Filed:   January 5, 2004
_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Ben Pierce appeals from the district court's adverse grant of summary judgment in his 42 U.S.C. § 1983 damages suit. We dismiss in part, and reverse and remand.

In his pro se amended complaint and motion to amend, Pierce alleged that several Little Rock police detectives violated his Fourth Amendment rights when they executed a search warrant for 4323 West 13th Street at his house, which is located at 4123 West 13th Street. In support of summary judgment, defendants submitted, inter alia, copies of the search warrant and supporting affidavit, both of which identified the property to be searched as "the white wood-frame house with a red foundation and a West facing door" "located at the Southeast corner of Thirteenth and Peyton Streets." In granting summary judgment, the district court concluded--based on its review of the warrant and supporting affidavit--that Pierce's "challenge to the search and seizure in question fails as a matter of law," because the supporting affidavit provided probable cause for the warrant, and the warrant described "with sufficient particularity the place to be searched."

The district court erred in granting summary judgment as a matter of law, because there was no evidence in the record as to the central disputed material issue in this case, i.e., whether Pierce's house--which defendants searched--is the same house described in the warrant and supporting affidavit. See Anderson v. Larson, 327 F.3d 762, 767 (8th Cir. 2003) (this court reviews grant of summary judgment de novo and affirms if evidence, viewed in light most favorable to nonmoving party, shows there is no genuine issue of material fact and moving party is entitled to judgment as matter of law); Dawkins v. Graham, 50 F.3d 532, 534 (8th Cir. 1995) (execution of valid warrant on wrong premises violates Fourth Amendment and officers may be held liable under § 1983 if they reasonably should have known premises searched were not premises described in warrant). Before the court can grant summary

judgment on the merits of Pierce's claim, he must be given an opportunity to introduce evidence on this central and disputed material issue. See Williams v. City of St. Louis, 783 F.2d 114, 116 (8th Cir. 1986) (reversing summary judgment to defendant on issues not raised in its motion; court should have provided plaintiffs with notice of intention to consider unraised issue and opportunity to address it).

Because Pierce appeals only from the grant of summary judgment to the individual Little Rock police detectives, however, we dismiss the appeal as to all other listed appellees. Accordingly, we dismiss in part, and reverse and remand for proceedings consistent with this opinion.

_____